MARIA REED, RELATOR v. WALTER H. COOTS, SHERIFF.

*Attorney's lien on judgment.*

A sheriff has no judicial power to fix the amount of an attorney's lien upon a judgment.

MANDAMUS to compel the sheriff to set off against each other certain executions in suits between Frank G. Baker and Maria Reed. Respondent answered that Baker's attorney had served notice upon him claiming a lien on the judgment which Baker had recovered, exceeding it in amount, and that the right under Comp. L., § 6124, to require him to set off the judgment, belonged to Baker exclusively. Submitted April 9. Denied April 21.

*Alex. D. Fowler* for relator.

*William Jennison* and *Edwin F. Conely* for respondent, cited as to attorney's liens upon judgments, *Wells v. Elsam* 40 Mich. 218; *Rooney v. Second Avenue R. R.* 18 N. Y. 368; *Ward v. Syme* 9 How. Pr. 24.

MARSTON, C. J. It appears in these proceedings that the attorney of Frank G. Baker claims a lien upon the judgment for services and disbursements, to the amount thereof, and that he had so notified the sheriff. That officer has no judicial power to fix and determine the amount of such lien. The amount may be disputed by Baker, and if the right of set-off existed might also be questioned by Mrs. Reed. If questioned, the matter could only be settled by agreement of the parties in interest or by going into court. Under these circumstances the writ of mandamus should not issue to the sheriff, and must be denied.

The other Justices concurred.